FILED
U.S. District Court
District of Kansas

OCT 7 2024

Clerk, U.S. District Court
By_____ *Cm* _____Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 6:23-cr-10004-EFM |
| STERLING L.T. COUSAR, | |
| **Defendant.** | |

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Lanny D. Welch, and Sterling L.T. Cousar, the defendant, personally and by and through defendant's counsel, Mitch Biebighauser, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.**    The defendant agrees to plead guilty to Count 4 of the Superseding Indictment charging a violation of Title 18, United States Code, § 922(o), that is, Unlawful Possession of a Machine Gun.  By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense.  The defendant understands that the maximum sentence which may be imposed as to Count 4 of the Superseding Indictment to which the defendant has agreed to plead guilty is not more than 10 years in prison, a $250,000 fine, not more than 3 years of supervised release and a $100 mandatory special assessment.

2.    **Factual Basis for the Guilty Plea.**    The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

1

On October 21, 2022, Sterling L.T. COUSAR, the defendant, was traveling as the rear passenger in a vehicle stopped by Wichita police officers near the intersection of Seneca and Munnell streets in Wichita, Kansas. The officers recognized the defendant as a person who had recently been arrested in possession of a firearm so he was removed from the vehicle and asked if he had weapons in his possession. He admitted he had firearms on his person and following a pat down, officers located two handguns tucked into his pants. After the guns were taken by the police officers the defendant ran from them and, following a chase of approximately 3 blocks, COUSAR was apprehended and placed under arrest.

One of the guns located on the defendant was a loaded Glock 27, .40 caliber semi-automatic pistol. When the officers examined the Glock 27 they immediately noticed a plastic switch had been inserted into the rear of the gun's slide which converted the gun from semi-automatic to automatic fire, effectively converting the weapon into a machine gun. The gun was submitted to ATF for analysis and the ATF examiner confirmed the gun was a machine gun and ATF also confirmed COUSAR had not registered the machine gun as required.

On October 21, 2022, the defendant knew he was in possession of the Glock 27 and also knew the gun was a machine gun.

3.    **Application of the Sentencing Guidelines.**    The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines.

4.    **Relevant Conduct.**    The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct

charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

     **5.**    **Government's Agreements.**    In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

a.    To not file additional charges against the defendant arising out of the facts forming the basis for the present Superseding Indictment and the Indictment;

b.    To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility.  In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty;

c.    To dismiss the remaining counts of the Superseding Indictment and Indictment at the time of sentencing; and

d.    To recommend a sentence at the low end of the U.S.S.G. guideline range determined to be appropriate by the Court The defendant is free to request a sentence below the low end of the guidelines range.

The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States.  If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

3

In the event the Court finds the defendant has breached this plea agreement or has otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6. **Sentence to be Determined by the Court**. The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7. **Withdrawal of Plea Not Permitted**. The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

8. **Agreements of the Parties**. The parties have agreed as follows:

a. The firearm possessed by the defendant is a machine gun, as stated and/or defined in Title 26, U.S.C. § 5845(a) & (b);

4

b. At the time the defendant possessed the machine gun the evidence is insufficient to prove he was a prohibited person; and

c. The defendant did not possess the machine gun in connection with another felony offense.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The burden of establishing an inability to pay the required special assessment lies with the defendant.

10. **Forfeiture of Assets.** The defendant agrees to the forfeiture of the following property to the United States:

a. a Glock 27, .40 caliber pistol, S/N SUP192;
b. an Anderson AR-15 pistol, S/N 21030969;
c. a Glock 23, .40 caliber pistol, S/N CVM316; and
d. Ammunition.

The defendant agrees that this property was involved or used in the commission of Count 4 and other counts of the Superseding Indictment. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property and withdraws any administrative claim or petition for remission regarding the property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his

interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

11.   **Waiver of Appeal and Collateral Attack.**   The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Fed. Rule of Civ. Pro 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).  Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12.    **Waiver of FOIA Request**.    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

13.    **Full Disclosure by the United States**.    The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities.  The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty.  The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

14.    **Parties to the Agreement**.    The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15.    **No Other Agreements**.    The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully

7

satisfied with the advice and representation provided by defendant's counsel.  Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.  The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_____
Lanny D. Welch
Assistant U.S. Attorney

Date: _10/04/2024_____

_____
Aaron L. Smith
Criminal Chief

Date: _10/4/2024_____

_____
Sterling L.T. Cousar
Defendant

Date: _10/7/24_____

_____
Mitch Biebighauser
Attorney for Defendant

Date: _10/7/24_____